JAH 10/23/02 9:09

3:02-CV-01096 QUECHAN INDIAN TRIBE V. USA

*12*

*ANS.*

ORIGINAL

FILED

02 OCT 22 PM 3:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBERT I. LESTER
Assistant United States Attorney
California State Bar No. 116429
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2464
Facsimile: (213) 894-7819

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUECHAN INDIAN TRIBE, a federally recognized Indian Tribe, on its own behalf, and as *parens patriae* on behalf on its members,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF ENERGY; SPENCER ABRAHAM, Secretary of Energy; WESTERN AREA POWER ADMINISTRATION; and MICHAEL S. HACSKAYLO, Administrator, Western Area Power Administration,<br><br>Defendants. | Civil No. 02cv1096-IEG(AJB)<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT** |

12

Defendants United States of America; Department of Energy; Spencer Abraham, Secretary of Energy; Western Area Power Administration ("Western"); and Michael S. Hacskaylo, Administrator, Western, by and through their attorneys of record, admit, deny and otherwise allege as follows in answering the allegations of the complaint:

1. In answer to paragraph 1 of the complaint, the allegations of the first sentence are characterizations of plaintiff's case to which no response is required; alternatively, defendants deny, generally and specifically, these allegations. The allegations of the second sentence are definitional, to which no response is required; alternatively, defendants deny, generally and specifically, these allegations.

2. In answer to paragraph 2 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

3. In answer to paragraph 3 of the complaint, defendants admit that venue is appropriate in the Southern District of California with respect to plaintiff's Federal Tort Claims Act claims pursuant to 28 U.S.C. § 1402(b). Defendants deny, generally and specifically, the remaining allegations of that paragraph.

4. In answer to paragraph 4 of the complaint, defendants admit that the Quechan Indian Tribe is a federally recognized tribe. The remaining allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

5. In answer to paragraph 5 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

6. In answer to paragraph 6 of the complaint, defendants admit the allegations of the first sentence. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

7. In answer to paragraph 7 of the complaint, defendants admit that the Reservation lies within the states of Arizona, California, and Baja California in Mexico. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

8. In answer to paragraph 8 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph and that paragraph contains conclusions of law, and therefore deny, generally and specifically, the allegations of that paragraph.

9. In answer to paragraph 9 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of that paragraph.

10. In answer to paragraph 10 of the complaint, defendants admit that Western owns, among other things, a 20.2-mile long right of way under the Gila-Knob 161-kV transmission line and all of its associated works and appurtenances. Defendants further admit that Western owns the portion of the right of way crossing the reservation in fee simple, and owns a 50-foot wide easement as to the access roads. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

11. In answer to paragraph 11 of the complaint, defendants admit the allegations of that paragraph.

12. In answer to paragraph 12 of the complaint, defendants admit that based on, among other things, testing conducted by Western, the agency determined that the wood poles needed replacement because they posed reliability and safety concerns. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

13. In answer to paragraph 13 of the complaint, defendants admit that Western Cultural Resource Management, Inc. prepared a document entitled "Intensive Cultural Resource Inventory for the Western Area Power Administration Gila-Knob 161-kV Transmission Line, Imperial County, California and Yuma County, Arizona," for

Western, at Western's request. Defendants further admit that the document speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

14. In answer to paragraph 14 of the complaint, defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

15. In answer to paragraph 15 of the complaint, defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

16. In answer to paragraph 16 of the complaint, defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of

that paragraph.

17. In answer to paragraph 17 of the complaint, defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

18. In answer to paragraph 18 of the complaint, defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

19. In answer to paragraph 19 of the complaint, defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

20. In answer to paragraph 20 of the complaint, defendants admit that on or about May 31, 1995, Western sent letters to plaintiff and the Office of Historic Preservation. Defendants further admit that the documents referred to therein speaks for

themselves and are the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

21. In answer to paragraph 21 of the complaint, defendants admit that the Office of Historic Preservation sent a letter to Western dated June 26, 1995. Defendants further admit that the document speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

22. In answer to paragraph 22 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

23. In answer to paragraph 23 of the complaint, defendants admit that the documents referred to speak for themselves and are the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

24. In answer to paragraph 24 of the complaint, defendants admit documents referred to therein speak for themselves and are the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

25. In answer to paragraph 25 of the complaint, defendants admit the allegations of that paragraph.

26. In answer to paragraph 26 of the complaint, defendants admit the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph. Defendants admit that the document does not indicate that it was sent concurrently to the tribe. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

27. In answer to paragraph 27 of the complaint, defendants admit that Western personnel flagged portions of certain cultural resource sites within the project boundaries. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

28. In answer to paragraph 28 of the complaint, defendants admit the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

29. In answer to paragraph 29 of the complaint, defendants admit the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

30. In answer to paragraph 30 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

31. In answer to paragraph 31 of the complaint, defendants admit that some impact apparently occurred to site no. 4-IMP-7140 during the time period of the project. Defendants further admit that this site was recommended eligible for the National Register. The site contained sparse lithic scatter with two cleared circles. Defendants further admit that Western did not notify the tribe of the alleged incident of November 4, 1998 "at that time." Defendants denies, generally and specifically, the remaining allegations of that paragraph.

32. In answer to paragraph 32 of the complaint, defendants admit that Western continued work on the project after November 4, 1998. Defendants are without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

33. In answer to paragraph 33 of the complaint, defendants admit that on or about February 22, 1999, a Western employee noticed damage to site no. 4-IMP-7140. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

34. In answer to paragraph 34 of the complaint, defendants admit that on or about March 1, 1999, Western initiated an internal inquiry concerning the damage that a Western employee noticed on or about February 22, 1999 to site no. 4-IMP-7140. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

35. In answer to paragraph 35 of the complaint, defendants admit that on or about March 2, 1999, Western orally notified a tribal representative of the damage that a Western employee noticed on or about February 22, 1999 to site no. 4-IMP-7140. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

36. In answer to paragraph 36 of the complaint, defendants deny, generally and specifically, the remaining allegations of that paragraph.

37. In answer to paragraph 37 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph and therefore

deny, generally and specifically, the allegations of that paragraph.

38. In answer to paragraph 38 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

39. In answer to paragraph 39 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

40. In answer to paragraph 40 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

41. In answer to paragraph 41 of the complaint, defendants admit that in or about May 2001, Western retained an archeological firm to examine ten National register-eligible archeological sites along the transmission line. Defendants admits that plaintiff requested a broader scope for the study than Western. As to the remaining allegations, defendants admit the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

42. In answer to paragraph 42 of the complaint, defendants admit that Western's retained archeologist computed the alleged damage by applying ARPA and its regulations. As to the second sentence, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

43. In answer to paragraph 43 of the complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph and therefore deny, generally and specifically, the allegations of that paragraph.

44. In answer to paragraph 44 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

45. In answer to paragraph 45 of the complaint, defendants admit that plaintiff presented a tort claim and that Western denied the claim. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

46. In answer to paragraph 46 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

47. In answer to paragraph 47 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

48. In answer to paragraph 48 of the complaint, these allegations are conclusions of law to which no response is

required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

49. In answer to paragraph 49 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

50. In answer to paragraph 50 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

51. In answer to paragraph 51 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

52. In answer to paragraph 52 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

53. In answer to paragraph 53 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

54. In answer to paragraph 54 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

55. In answer to paragraph 55 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

56. In answer to paragraph 56 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

57. In answer to paragraph 57 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

58. In answer to paragraph 58 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

59. In answer to paragraph 59 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

60. In answer to paragraph 60 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

61. In answer to paragraph 61 of the complaint, these allegations are conclusions of law to which no response is

required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

62. In answer to paragraph 62 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

63. In answer to paragraph 63 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

64. In answer to paragraph 64 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

65. In answer to paragraph 65 of the complaint, defendants incorporate their responses to paragraphs 48-62 as if fully set forth herein.

66. In answer to paragraph 66 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

67. In answer to paragraph 67 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

68. In answer to paragraph 68 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

69. In answer to paragraph 69 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

70. In answer to paragraph 70 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and

specifically, the allegations of that paragraph.

71. In answer to paragraph 71 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

72. In answer to paragraph 72 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

73. In answer to paragraph 73 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

74. In answer to paragraph 74 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

75. In answer to paragraph 75 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

76. In answer to paragraph 76 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

77. In answer to paragraph 77 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

78. In answer to paragraph 78 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

79. In answer to paragraph 79 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

80. In answer to paragraph 80 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

81. In answer to paragraph 81 of the complaint, these

allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

82. In answer to paragraph 82 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

83. In answer to paragraph 83 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

84. In answer to paragraph 84 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

85. In answer to paragraph 85 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

86. In answer to paragraph 86 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

87. In answer to paragraph 87 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

88. In answer to paragraph 88 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

89. In answer to paragraph 89 of the complaint, defendants incorporate their responses to paragraphs 48-62 as if fully set forth herein.

90. In answer to paragraph 90 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

91. In answer to paragraph 91 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

92. In answer to paragraph 92 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

93. In answer to paragraph 93 of the complaint, these allegations are conclusions of law to which no response is required; alternatively, defendants deny, generally and specifically, the allegations of that paragraph.

94. In answer to paragraph 94 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

95. In answer to paragraph 95 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

96. In answer to paragraph 96 of the complaint, defendants deny, generally and specifically, the allegations of that paragraph.

97. In answer to paragraph 97 of the complaint, defendants admit that plaintiff seeks declaratory relief. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

98. In answer to paragraph 98 of the complaint, defendants admit that plaintiff seeks injunctive relief. Defendants deny, generally and specifically, the remaining allegations of that paragraph.

99. The remainder of the complaint contains plaintiff's prayer for relief or legal argument to which no answer is required. Defendants deny that plaintiff is entitled to any relief. All allegations not specifically admitted or denied above are denied.

FIRST AFFIRMATIVE DEFENSE

100. The complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

101. This Court lacks subject matter jurisdiction over plaintiff's claims for relief pursuant to 28 U.S.C. § 2680(a).

THIRD AFFIRMATIVE DEFENSE

102. This Court lacks subject matter jurisdiction over plaintiff's claims for relief pursuant to 28 U.S.C. § 1505.

FOURTH AFFIRMATIVE DEFENSE

103. This Court lacks subject matter jurisdiction over plaintiff's claims for relief pursuant to 28 U.S.C. § 2401(b).

FIFTH AFFIRMATIVE DEFENSE

104. This Court lacks subject matter jurisdiction over plaintiff's *parens patriae* claims for relief pursuant to the Federal Tort Claims Act.

SIXTH AFFIRMATIVE DEFENSE

105. Plaintiff failed to mitigate its purported damages and therefore their recovery is barred or, alternatively, proportionately reduced.

SEVENTH AFFIRMATIVE DEFENSE

106. The damages alleged by plaintiff in its complaint was not caused by any fault, carelessness or negligence on the part of defendants, or any of defendants' agents or employees while acting within the scope of their office, agency or employment; but, if any fault or carelessness is found by the Court to have

existed, any recovery or award of damages must be diminished in proportion to the amount of fault attributable to plaintiff's and/or a third party, or barred or reduced by plaintiff's assumption of the risk of injury.

EIGHTH AFFIRMATIVE DEFENSE

107. Plaintiff's complaint is barred by the doctrines of laches and waiver.

NINTH AFFIRMATIVE DEFENSE

108. The Court lacks jurisdiction over any amount of damages claimed by plaintiff in excess of the amount submitted by said plaintiff in its administrative tort claim and plaintiff is bound by said amount pursuant to 28 U.S.C. § 2675(b).

TENTH AFFIRMATIVE DEFENSE

109. Some or all of plaintiff's claims are barred because Western had the right, permission, permit and/or license to perform the project on the land upon which it was performed, and to use appropriate access roads thereto.

ELEVENTH AFFIRMATIVE DEFENSE

110. The decisions and actions of defendants were not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

**WHEREFOR**, defendants pray that:

1. Plaintiff takes nothing by the complaint and that judgment be entered in favor of defendant and that the action be dismissed;

2. For costs and fees of suit;

3. For such other relief as the Court deems proper.

DATED: October 22, 2002

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

Tom Stahl AUSA

FOR: ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Defendants

**PROOF OF SERVICE BY MAIL**

I am over the age of 18 and not a party to the within action. I am employed by the Office of the United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On **October 22, 2002**, I served the:

**ANSWER OF DEFENDANTS TO COMPLAINT**

on each person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: **October 22, 2002**.

Place of mailing: **Los Angeles, California**.

***See Attached Service List***

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on: **October 22, 2002**, at Los Angeles, California.

Olivia Avila

QUECHAN INDIAN TRIBE v. UNITED STATES, et al.,
02-CV-01096-IEG(AJB) (Southern District of California)
Proof of Service
*as of 10/22/02*

**Frank R. Jozwiak**
Morisset, Schlosser, Jozwiak & McGaw
801 Second Avenue
1115 Norton Building
Seattle, WA 98104-1509
(206) 386-5200

**Bryan Snyder**
Duke Gerstel Shearer
101 West Broadway, Suite 1120
San Diego, CA 92101
(619) 232-0816