USDC SCAN INDEX SHEET

JPP 5/6/05 15:52

3:02-CV-01096 QUECHAN INDIAN TRIBE V. USA

*87*

*ANS.*

ORIGINAL

FILED

05 MAY -6 AM 9:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

K. JACK HAUGRUD
Chief, General Litigation Section
Environment and Natural Resources Division
United States Department of Justice
CAROLINE BLANCO
Trial Attorney
Patrick Henry Building
601 D Street, N.W.
Washington, D.C. 20004
Telephone: (202) 305-0248
Facsimile: (202) 514-0557

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
VINCE FARHAT
Assistant United States Attorney
California State Bar No. 183794
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2872
Facsimile: (213) 894-7819

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUECHAN INDIAN TRIBE, a federally recognized Indian Tribe, on its own behalf, and as <u>parens patriae</u> on behalf on its members,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF ENERGY; SAMUEL BODMAN, in his official capacity as Secretary of Energy; WESTERN AREA POWER ADMINISTRATION; MIKE S. HACSKAYLO, in his official capacity as Administrator for the Western Area Power Administration,<br><br>Defendants. | Civil No. 02cv1096-JH(AJB)<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |



87

COMES NOW defendants United States of America, United States Department of Energy, Samuel Bodman, in his official capacity as Secretary of Energy, Western Area Power Administration, and Michael S. Hacskaylo, in his official capacity as Administrator for the Western Area Power Administration ("Defendants"), and in answer to plaintiff Quechan Indian Tribe's("Tribe")Second Amended Complaint, admit, deny and allege as follows:

**SUMMARY**

1. These allegations are characterizations of the Tribe's case to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations of paragraph 1 of the Second Amended Complaint.

**JURISDICTION**

2. In answer to paragraph 2 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 2.

**VENUE**

3. To the extent the Court has jurisdiction over the Second Amended Complaint, Defendants admit that venue is proper in the United States District Court for the Southern District of California.

**PLAINTIFF**

4. In answer to paragraph 4 of the Second Amended Complaint, Defendants admit that the Quechan Indian Tribe is a federally recognized tribe. The remaining allegations are

conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations of paragraph 4.

5. In answer to paragraph 5 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 5.

**DEFENDANTS**

6. In answer to paragraph 6 of the Second Amended Complaint, including subparagraphs 6.1 through 6.5, Defendants admit that the United States is a proper defendant for claims arising under the Federal Tort Claims Act. Defendants further admit that the Administrator of the Western Area Power Administration is a proper defendant, in his official capacity, for injunctive relief claims. However, Defendants deny that the Department of Energy and the Secretary of Energy are properly named as defendants in the Second Amended Complaint. Therefore, Defendants deny, generally and specifically, the allegations in paragraph 6, including subparagraphs 6.1 through 6.5.

**BACKGROUND FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. In answer to paragraph 7 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 7.

8. In answer to paragraph 8 of the Second Amended

Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 8.

9. In answer to paragraph 9 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 9.

10. In answer to paragraph 10 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 10.

11. In answer to paragraph 11 of the Second Amended Complaint, Defendants admit that Western owns, among other things, a 20.2-mile long right of way under the Gila-Knob 161-kV transmission line and all of its associated works and appurtenances. Defendants further admit that Western owns the portion of the right of way crossing the reservation in fee simple. Defendants deny, generally and specifically, the remaining allegations of paragraph 11.

12. In answer to paragraph 12 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 12.

13. In answer to paragraph 13 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 13.

14. In answer to paragraph 14 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 14.

15. In answer to paragraph 15 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 15.

16. In answer to paragraph 16 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 16.

17. In answer to paragraph 17 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 17.

18. In answer to paragraph 18 of the Second Amended Complaint, these allegations are conclusions of law to which no

response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 18.

19. In answer to paragraph 19 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 19.

20. In answer to paragraph 20 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 20.

21. In answer to paragraph 21 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 21.

22. In answer to paragraph 22 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 22 of the Second Amended Complaint.

23. In answer to paragraph 23 of the Second Amended Complaint, Defendants state that it appears that the Tribe appears to be characterizing statements contained in documents

produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 23.

24. In answer to paragraph 24 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 24 of the Second Amended Complaint.

25. In answer to paragraph 25 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 25 of the Second Amended Complaint.

26. In answer to paragraph 26 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 26 of the Second Amended Complaint.

27. In answer to paragraph 27 of the Second Amended Complaint, Defendants admit that the document referred to therein

speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 27 of the Second Amended Complaint.

28. In answer to paragraph 28 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 28 of the Second Amended Complaint.

29. In answer to paragraph 29 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 29 of the Second Amended Complaint.

30. In answer to paragraph 30 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 30 of the Second Amended Complaint.

31. In answer to paragraph 31 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the

remaining allegations in paragraph 31 of the Second Amended Complaint.

32. In answer to paragraph 32 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 32 of the Second Amended Complaint.

33. In answer to paragraph 33 of the Second Amended Complaint, Defendants admit that the Western Area Power Administration evaluated and analyzed the wood poles on the Gila-Knob 161kV Transmission Line and determined that certain of the wood poles needed to be replaced with steel. Some, but not all, factors considered by Western were the age of the poles, the strength of the poles, safety factors related to maintaining the poles and transmission line, and cost. Defendants deny, generally and specifically, the remaining allegations in paragraph 33 of the Second Amended Complaint.

34. In answer to paragraph 34 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 34.

35. In answer to paragraph 35 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants

under document control number FED3077. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 35 of the Second Amended Complaint.

36. In answer to paragraph 36 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED2594. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 36 of the Second Amended Complaint.

37. In answer to paragraph 37 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants as approximately document control number FED3190. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 37 of the Second Amended Complaint.

38. In answer to paragraph 38 of the Second Amended Complaint, Defendants state that it appears that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the

allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 38.

39. In answer to paragraph 39 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 39 of the Second Amended Complaint.

40. In answer to paragraph 40 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 40 of the Second Amended Complaint.

41. In answer to paragraph 41 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 41.

42. In answer to paragraph 42 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by

Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 42.

43. In answer to paragraph 43 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 43.

44. In answer to paragraph 44 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 44.

45. In answer to paragraph 45 of the Second Amended Complaint, Defendants state that the Tribe appears to be

characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 45.

46. In answer to paragraph 46 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 46.

47. In answer to paragraph 47 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 47.

48. In answer to paragraph 48 of the Second Amended

Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED2595 through FED2597. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 48 of the Second Amended Complaint.

49. In answer to paragraph 49 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 49.

50. In answer to paragraph 50 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by the Tribe under document control number 1819. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 50 of the Second Amended Complaint.

51. In answer to paragraph 51 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants

under document control number FED513. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 51 of the Second Amended Complaint.

52. In answer to paragraph 52 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED516 through FED518. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 52 of the Second Amended Complaint.

53. In answer to paragraph 53 of the Second Amended Complaint, Defendants admit that Western personnel flagged certain areas within the project boundaries. Defendants deny, generally and specifically, the remaining allegations of paragraph 53.

54. In answer to paragraph 54 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 54 of the Second Amended Complaint.

55. In answer to paragraph 55 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants

under document control number FED524. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 55 of the Second Amended Complaint.

56. In answer to paragraph 56 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 56 of the Second Amended Complaint.

57. In answer to paragraph 57 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 57 of the Second Amended Complaint.

58. In answer to paragraph 58 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 58 of the Second Amended Complaint.

59. In answer to paragraph 59 of the Second Amended Complaint, Defendants deny, generally and specifically, the allegations in paragraph 59 of the Second Amended Complaint.

60. In answer to paragraph 60 of the Second Amended

Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 60.

61. In answer to paragraph 61 of the Second Amended Complaint, Defendants admit that Western are unable to identify at this time which specific vehicles were used for the project. Defendants deny, generally and specifically, the allegations of paragraph 61.

62. In answer to paragraph 62 of the Second Amended Complaint, Defendants deny, generally and specifically, the allegations of paragraph 62.

63. In answer to paragraph 63 of the Second Amended Complaint, Defendants deny, generally and specifically, the allegations of paragraph 63.

64. In answer to paragraph 64 of the Second Amended Complaint, Defendants admit that some impact apparently occurred to the site referenced in paragraph 64 during the time period of the project. Defendants further admit that this site was recommended eligible for the National Register. Defendants further admit that Western did not notify the Tribe of the alleged incident of November 4, 1998 "at that time." Defendants deny, generally and specifically, the remaining allegations of paragraph 64.

65. In answer to paragraph 65 of the Second Amended Complaint, Defendants state that the Tribe appears to be

characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 65.

66. In answer to paragraph 66 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 66.

67. In answer to paragraph 67 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 67.

68. In answer to paragraph 68 of the Second Amended

Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 68.

69. In answer to paragraph 69 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 69.

70. In answer to paragraph 70 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 70.

71. In answer to paragraph 71 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 71.

72. In answer to paragraph 72 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED574. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 72 of the Second Amended Complaint.

73. In answer to paragraph 73 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 73.

74. In answer to paragraph 74 of the Second Amended

Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 74.

75. In answer to paragraph 75 of the Second Amended Complaint, Defendants admit that, on or about February 22, 1999, a Western employee noticed impact to the site referenced in paragraph 75. Defendants deny, generally and specifically, the remaining allegations of paragraph 75.

76. In answer to paragraph 76 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 76.

77. In answer to paragraph 77 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at

this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 77.

78. In answer to paragraph 78 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 78.

79. In answer to paragraph 79 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED573. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 79 of the Second Amended Complaint.

80. In answer to paragraph 80 of the Second Amended Complaint, Defendants deny, generally and specifically, the allegations in paragraph 80 of the Second Amended Complaint.

81. In answer to paragraph 81 of the Second Amended Complaint, Defendants admit that the document referred to therein

speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 81 of the Second Amended Complaint.

82. In answer to paragraph 82 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED575 to FED576. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 82 of the Second Amended Complaint.

83. In answer to paragraph 83 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 83.

84. In answer to paragraph 84 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 84.

85. In answer to paragraph 85 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at

this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 85.

86. In answer to paragraph 86 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 86 of the Second Amended Complaint.

87. In answer to paragraph 87 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 87.

88. In answer to paragraph 88 of the Second Amended Complaint, Defendants state that the Tribe appears to be characterizing statements contained in documents produced by Defendants in the course of discovery. Defendants are unable at this time to identify the specific document referred to by the Tribe and, therefore, are without knowledge or information

sufficient to form a belief as to the truth of the allegations of that paragraph, and deny, generally and specifically, the allegations of paragraph 88.

89. In answer to paragraph 89 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 89 of the Second Amended Complaint.

90. In answer to paragraph 90 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 90 of the Second Amended Complaint.

91. In answer to paragraph 91 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED680. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 91 of the Second Amended Complaint.

92. In answer to paragraph 92 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the

remaining allegations in paragraph 92 of the Second Amended Complaint.

93. In answer to paragraph 93 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED849 to FED850. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 93 of the Second Amended Complaint.

94. In answer to paragraph 94 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 94 of the Second Amended Complaint.

95. In answer to paragraph 95 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 95 of the Second Amended Complaint.

96. In answer to paragraph 96 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED878. Said document speaks for

itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 96 of the Second Amended Complaint.

97. In answer to paragraph 97 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED881. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 97 of the Second Amended Complaint.

98. In answer to paragraph 98 of the Second Amended Complaint, Defendants state that it appears that the Tribe is characterizing the contents of a document produced by Defendants under document control number FED884 to FED885. Said document speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 98 of the Second Amended Complaint.

99. In answer to paragraph 99 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 99 of the Second Amended Complaint.

100. In answer to paragraph 100 of the Second Amended Complaint, Defendants admit that the document referred to therein

speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 100 of the Second Amended Complaint.

101. In answer to paragraph 101 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 101.

102. In answer to paragraph 102 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 102 of the Second Amended Complaint.

103. In answer to paragraph 103 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 103 of the Second Amended Complaint.

104. In answer to paragraph 104 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 104 of the Second Amended

Complaint.

105. In answer to paragraph 105 of the Second Amended Complaint, allegations of offers to compromise are not admissible to prove liability for or invalidity of a claim or its amount, pursuant To Rule 408 of the Federal Rules of Evidence. The offer alleged in paragraph 105 is not admissible to show liability by Defendants for any claims alleged in the Second Amended Complaint. Subject to the foregoing, Defendants admit that Western presented a settlement offer to the Tribe.

106. In answer to paragraph 106 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 106 of the Second Amended Complaint.

107. In answer to paragraph 107 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 107.

108. In answer to paragraph 108 of the Second Amended Complaint, Defendants deny, generally and specifically, the allegations in paragraph 108.

109. In answer to paragraph 109 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the

remaining allegations in paragraph 109 of the Second Amended Complaint.

110. In answer to paragraph 110 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 110 of the Second Amended Complaint.

111. In answer to paragraph 111 of the Second Amended Complaint, Defendants admit that the document referred to therein speaks for itself and is the best evidence of the contents thereof. Defendants deny, generally and specifically, the remaining allegations in paragraph 111 of the Second Amended Complaint.

112. In answer to paragraph 112 of the Second Amended Complaint, Defendants admit that, after Western's completion of the pole replacement project, Western has not conducted activities at the Gila-Knob 161kV line other than to send expert archeologists out to study the sites and prepare expert reports. Defendants deny, generally and specifically, the remaining allegations in paragraph 112 of the Second Amended Complaint.

113. In answer to paragraph 113 of the Second Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph, and therefore deny, generally and specifically, the allegations of paragraph 113.

114. In answer to paragraph 114 of the Second Amended Complaint, these allegations are characterizations of the Tribe's case to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations of paragraph 114 of the Second Amended Complaint.

115. In answer to paragraph 115 of the Second Amended Complaint, these allegations are characterizations of the Tribe's case to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations of paragraph 115 of the Second Amended Complaint.

116. In answer to paragraph 116 of the Second Amended Complaint, these allegations contain the Tribe's request for relief or legal argument to which no response is required. Defendants deny that the Tribe is entitled to any relief whatsoever and deny, generally and specifically, the allegations in paragraph 116.

**CAUSES OF ACTION**

117. In answer to paragraph 117 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 117.

118. In answer to paragraph 118 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 118.

119. In answer to paragraph 119 of the Second Amended

Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 119.

120. In answer to paragraph 120 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 120.

121. In answer to paragraph 121 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 121.

122. In answer to paragraph 122 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 122.

123. In answer to paragraph 123 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 123.

124. In answer to paragraph 124 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 124.

125. In answer to paragraph 125 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally

and specifically, the allegations in paragraph 125.

126. In answer to paragraph 126 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 126.

127. In answer to paragraph 127 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 127.

128. In answer to paragraph 128 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 128.

129. In answer to paragraph 129 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 129.

130. In answer to paragraph 130 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 130.

131. In answer to paragraph 131 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 131.

132. In answer to paragraph 132 of the Second Amended

Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 132.

133. In answer to paragraph 133 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 133.

134. In answer to paragraph 134 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 134.

135. In answer to paragraph 135 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 135.

136. In answer to paragraph 136 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 136.

137. In answer to paragraph 137 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 137.

138. In answer to paragraph 138 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally

and specifically, the allegations in paragraph 138.

139. In answer to paragraph 139 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 139.

140. In answer to paragraph 140 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 140.

141. In answer to paragraph 141 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 141.

142. In answer to paragraph 142 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 142.

143. In answer to paragraph 143 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 143.

144. In answer to paragraph 144 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 144.

145. In answer to paragraph 145 of the Second Amended

Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 145.

146. In answer to paragraph 146 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 146.

147. In answer to paragraph 147 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 147.

148. In answer to paragraph 148 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 148.

149. In answer to paragraph 149 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 149.

150. In answer to paragraph 150 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 150.

151. In answer to paragraph 151 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally

and specifically, the allegations in paragraph 151.

152. In answer to paragraph 152 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 152.

153. In answer to paragraph 153 of the Second Amended Complaint, these allegations are conclusions of law to which no response is required; alternatively, Defendants deny, generally and specifically, the allegations in paragraph 153.

**DEMAND**

154. In answer to paragraph 154 of the Second Amended Complaint, these allegations contain the Tribe's prayer for relief or legal argument to which no response is required. Defendants deny that the Tribe is entitled to any relief whatsoever.

155. In answer to paragraph 155 of the Second Amended Complaint, these allegations contain the Tribe's prayer for relief or legal argument to which no response is required. Defendants deny that the Tribe is entitled to any relief whatsoever.

156. In answer to paragraph 156 of the Second Amended Complaint, these allegations contain the Tribe's prayer for relief or legal argument to which no response is required. Defendants deny that the Tribe is entitled to any relief whatsoever.

157. In answer to paragraph 157 of the Second Amended

Complaint, these allegations contain the Tribe's prayer for relief or legal argument to which no response is required. Defendants deny that the Tribe is entitled to any relief whatsoever.

158. In answer to paragraph 158 of the Second Amended Complaint, these allegations contain the Tribe's prayer for relief or legal argument to which no response is required. Defendants deny that the Tribe is entitled to any relief whatsoever.

159. Defendants hereby generally and specifically deny all of the allegations of the Second Amended Complaint not hereinbefore otherwise answered.

## AFFIRMATIVE DEFENSES

160. As separate affirmative and other defenses to the Second Amended Complaint, Defendants further allege as follows:

### FIRST AFFIRMATIVE DEFENSE

161. The Second Amended Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and further fails to state facts sufficient to entitle the Tribe to the relief sought, or to any relief whatsoever from Defendants.

### SECOND AFFIRMATIVE DEFENSE

162. Defendants allege that the entire Second Amended Complaint, and each purported claim for relief thereof, are barred as against Defendants by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

163. Defendants allege that the Second Amended Complaint, and each and every purported claim for relief alleged therein, are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

164. Defendants allege that the Second Amended Complaint, and each and every purported claim for relief alleged therein, are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

165. Defendants allege that the Second Amended Complaint, and each and every purported claim for relief alleged therein, are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

166. Defendants allege that should the Tribe recover damages from Defendants, Defendants are entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to the Tribe's alleged damages, if any alleged damages exist at all, which Defendants deny.

**SEVENTH AFFIRMATIVE DEFENSE**

167. Defendants allege that the Tribe is at fault in and about the matters referred to in the Second Amended Complaint and such fault on the part of the Tribe proximately caused and contributed to the damages complained of, it any exist at all. Defendants further allege that any fault not attributed to the Tribe was a result of fault on the part of persons and/or

entities other than Defendants. Such fault bars and/or proportionately reduces any recovery by the Tribe against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

168. Defendants allege that the Tribe has failed and neglected to use reasonable care to minimize and mitigate the losses and damages complained of, if any exist at all.

**NINTH AFFIRMATIVE DEFENSE**

169. Defendants allege that some or all of the Tribe's claims are barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

170. Defendants allege that the Tribe expressly and/or by its conduct, approved, authorized and/or ratified the acts and/or conduct complained of and upon which recovery is sought, and is accordingly precluded from recovery to the extent thereof.

**ELEVENTH AFFIRMATIVE DEFENSE**

171. Defendants allege that any injuries or damages, if any, suffered by the Tribe were proximately caused by the acts or omissions of others not within the control of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

172. Defendants allege that the Tribe has failed to join necessary and/or indispensable parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

173. Defendants allege that any amount sought to be recovered by the Tribe by virtue of the Second Amended Complaint,

and each and every purported count alleged therein, should be offset by amounts paid by the United State Government to the Tribe, including but not limited to, $15,000,000 paid by the United States to the Tribe in Claims Court Docket Number 320.

**FOURTEENTH AFFIRMATIVE DEFENSE**

174. Defendants allege that the Second Amended Complaint, and each and every purported count alleged therein, are barred by the doctrine of compliance with the law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

175. Defendants allege that the Tribe's recovery in this action are barred as contrary to public policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

176. Discovery in this action is precluded, or otherwise limited, to the extent documents or other information in the possession of Defendants reflects advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

177. Defendants allege that the Second Amended Complaint, and each and every purported count thereof, are barred because any agency action complained of by the Tribe was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

178. Defendants allege that the Second Amended Complaint, and each and every purported count thereof, are barred because

the Tribe failed to exhaust its administrative remedies with respect to the agency action complained of by the Tribe in the Second Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

179. Defendants allege that the Second Amended Complaint, and each and every purported count thereof, are barred because the claims therein are preempted by all applicable federal statutes, including but not limited to the Archeological Resources Protection Act, the National Historic Preservation Act, the National Environmental Policy Act. As such, the only relief and/or judicial review available to the Tribe, if any, is pursuant to the Administrative Procedure Act.

**TWENTIETH AFFIRMATIVE DEFENSE**

180. Defendants allege that the Second Amended Complaint, and each and every purported count thereof, are barred because the cultural resource statutes cited by the Tribe in the Second Amended Complaint do not create a private right of action. As such, the only relief and/or judicial review available to the Tribe, if any, is pursuant to the Administrative Procedure Act.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

181. Defendants are entitled to an off-set for all monetary payments to the Tribe by any agency of the United States or through funds which are or were provided by the United States.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

182. The Court lacks subject matter jurisdiction over the Second Amended Complaint, and each and every purported count

thereof, other than claims cognizable under the Administrative Procedure Act, 5 U.S.C. §§ 701, et seq. The Tribe, however, has failed to assert jurisdiction under the Administrative Procedure Act.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

183. The Court lacks subject matter jurisdiction over the Tribe's parens patriae claims for relief pursuant to the Federal Tort Claims Act.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

184. The Court lacks jurisdiction over any amount of damages claimed by the Tribe in excess of the amount submitted by Plaintiff in its first administrative tort claim received by Western on or about February 14, 2001, and the Tribe is limited, if anything, to said amount pursuant to 28 U.S.C. Section 2675(b). See also Stipulation to File Plaintiffs' Proposed First Amended Complaint, and Extension of Time For Defendant To Answer Or Otherwise Respond To The First Amended Complaint, at 5:8 through 12 ("The Tribe does not seek additional money damages, however, beyond the $9,400,000 claimed in the Tribe's first administrative tort claim submitted to Western on February 15, 2001")("Stipulation").

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

185. Defendants allege that the Second Amended Complaint, and each and every purported count thereof, are barred because Western had the right, permission, permit and/or license to perform the project on the land on which it was performed, and to

use appropriate access roads thereto.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

186. The Court lacks subject matter jurisdiction over the Tribe's claims for relief pursuant to 28 U.S.C. § 2680.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

187. The Court lacks subject matter jurisdiction over the Tribe's claims for relief pursuant to 28 U.S.C. § 1505.

**TWENTY-EIGHTTH AFFIRMATIVE DEFENSE**

188. The Court lacks subject matter jurisdiction over the Tribe's claims for relief pursuant to 28 U.S.C. § 2401(b).

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

189. Certain or all of claims alleged in the Second Amended Complaint are barred because the Tribe does not own the land at issue, including but not limited to Western's right-of-way, Western's access roads, and/or the entire Ft. Yuma Reservation.

**THIRTIETH AFFIRMATIVE DEFENSE**

190. Defendants deny any liability for any and all claims and damages alleged in the Second Amended Complaint. Moreover, the Tribe's alleged damages described in the Second Amended Complaint, including but not limited to any damages for purported emotional distress and/or damages described in Part VII thereof, are unsupported by any factual or legal theory, and/or damages calculation or methodology. Therefore, the Tribe has failed to state a claim upon which relief can be granted. In addition, all claims alleged in the Second Amended Complaint are barred because Defendants are unable to frame a defense to the claims therein.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

191. The Tribe is barred from claiming emotional distress in this action.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

192. The Tribe cannot seek injunctive and/or declaratory relief under the Federal Tort Claims Act.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

193. Defendants reserves the right to raise any and all other affirmative defenses that may be discovered or determined in discovery or otherwise.

WHEREFORE, Defendants prays that:

1. The Tribe takes nothing by the Second Amended Complaint and that judgment be entered in favor of Defendants and that the action be dismissed;

2. For costs and fees of suit;

3. For such other relief as the Court deems proper.

Dated: May 5, 2005

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

VINCE FARHAT
Assistant United States Attorney

Attorneys for Defendants

//

//

Of Counsel:

Claire E. Douthit
Attorney/Advisor
Western Area Power Administration
Office of General Counsel, A0212
Post Office Box 281213
Lakewood, Colorado 80228-8213
Telephone: (720) 962-7026
Facsimile: (720) 962-7009

PROOF OF SERVICE BY MAILING

I am over the age of 18 and not a party to the within action. I am employed by the Office of United States Attorney, Central District of California. My business address is 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

On May 5, 2005 served DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT on persons or entities named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices. I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business within the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing: May 5, 2005. Place of mailing: Los Angeles, California.

Person(s) and/or Entity(is) To Whom Mailed:

Frank R. Jozwiak
801 Second Avenue, 115 Norton Building
Seattle, WA 98104-1509

Bryan Snyder
101 West Broadway, Suite 1120
San Diego, California 92101

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on: May 5, 2005 at Los Angeles, California.

Lynh Duong