UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUECHAN INDIAN TRIBE,  ) | Civil No. 02cv1096 JAH (AJB) |
| ) | |
| Plaintiff,  ) | **ORDER DENYING MOTION TO** |
| v.  ) | **DISMISS AND DENYING** |
| ) | **MOTION FOR CLARIFICATION,** |
| UNITED STATES OF AMERICA, et.  ) | **CONSTRUED AS A MOTION FOR** |
| al.,  ) | **RECONSIDERATION** |
| ) | **[Doc. No. 245]** |
| Defendants.  ) | |

Pending before the Court is Defendant's motion to dismiss for lack of jurisdiction, or in the alternative, motion for clarification of the Court's ruling on the parties' motions for summary judgment. The parties fully briefed the motion. After a thorough review of the submissions and for the reasons discussed below, the Court DENIES Defendant's motion to dismiss and DENIES the motion for clarification which it construes as a motion for reconsideration.

## BACKGROUND

Plaintiff, Quechan Indian Tribe (referred herein as "the Tribe," "Plaintiff," and "Quechan"), originally filed a complaint on June 7, 2002. The action was stayed pursuant to stipulation pending the outcome of land ownership issues in <u>Arizona v. California</u>, 530 U.S. 392 (2000), on July 18, 2003. On March 23, 2004, Plaintiff filed a First Amended Complaint under seal. Thereafter, the case was transferred to this Court. On June 14, 2004, Plaintiff filed a motion to lift the stay and for a bifurcated schedule. Following settlement of <u>Arizona v. California</u>, and Defendant's (referred herein as "the government," "the United States," and

"Defendant") notification that it no longer opposed lifting the stay, the Court granted the motion and denied the motion for bifurcated schedule as moot. Plaintiff filed a Second Amended Complaint under seal on March 16, 2005, suing in its own capacity and as *parens patriae* on behalf of its members alleging certain individuals knowingly drove vehicles over and permanently scarred numerous cultural sites on the Fort Yuma Reservation during power pole replacement along the Gila-Knob powerline.

In September 2005, the parties both filed two motions for partial summary judgment on the issue of land ownership and interests in right-of-way lands, and as to liability for negligence, gross negligence, negligence *per se*, trespass, and private and public nuisance (Doc. Nos. 103, 105, 109, 114). After hearing oral argument on the matter, the Court issued an extensive order addressing all the issues on January 10, 2008.  See Doc. No. 215.  The Court granted in part and denied in part the parties' motions for summary judgment upon finding Plaintiff did not have beneficial title or ownership interest in the right-of-way lands, but had an interest in cultural resources within the right-of-way lands.  The Court also addressed the merits of Plaintiff's causes of action when granting in part and denying in part the motions and made specific findings as to Defendant's duty and the existence of a private right of action under state law.

The parties engaged in settlement discussions after the order was filed, but did not reach an agreement. See Doc. Nos. 216, 217, 218, 221, 222, 224, 225, 230, 231. On November 20, 2009, Defendant filed the pending motion.  Plaintiff filed an opposition and Defendant filed a reply.  The matter was set for hearing but was taken under submission without oral argument pursuant to Local Rule 7.1.d.

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims under the Federal Tort Claims Act ("FTCA") as to the land held in fee simple by the United States.  Specifically, Defendant argues the United States is immune from suit, because Plaintiff's claims are based on injury to cultural property within the fee land and FTCA requires personal injury or loss of property.  If the Court finds it has jurisdiction over the FTCA claims as to the fee land, Defendant moves for

clarification of the Court's analysis of California law in the order on the parties' motions for summary judgment.

## I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are of limited jurisdiction. See <u>Gould v. Mutual Life Ins. Co. v. New York</u>, 790 F.2d 769, 774 (9th Cir. 1986). A federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. <u>Steel Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 93 (1998). Under the Federal Tort Claims Act ("FTCA"), the United States may be sued in a tort action for injury or loss of property caused by a government employee "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Defendant argues the Court's ruling that the government holds the right-of-way lands in fee simple and the Tribe has no proprietary interest in the right-of-way lands is fatal to Plaintiff's FTCA claims for damages to cultural resources within the right-of-way lands. They maintain the claims, which do not assert injury or loss of property, are subject to dismissal.

Plaintiff argues the tortious conduct and resulting damage that occurred to the cultural resource sites located within the right-of-way lands is relevant to the Tribe's injury to its property interest. The Tribe maintains it will establish, through evidence and expert testimony, the tortious acts within the right-of-way damaged the cultural resources as a whole, that is, both inside and outside the right-of-way lands within the Reservation. Plaintiff further argues the jurisdictional question goes to the merits of the case, namely whether Defendant's actions within the right-of-way damaged the cultural and monetary value as a whole, and must await determination of facts at trial.

In its order ruling on the parties' motions for summary judgment, this Court determined the government owned the land in fee simple and Plaintiff had no proprietary interest in the right-of-way lands. The Court then specifically addressed the effect of this finding on the merits of Plaintiff's tort claims and determined the nuisance and negligence claims survived. The Court is not persuaded by Defendant's argument that the claim should be dismissed because the Tribe has no propriety interests in the lands. Plaintiff asserts the government's conduct

within the right-of-way lands impacted its property rights to lands outside the right-of-way and therefore properly asserts jurisdiction over its claims for damages.[1]  Plaintiff sufficiently alleges an injury to its property to support jurisdiction under the FTCA.  Accordingly, the motion to dismiss for lack of subject matter jurisdiction is DENIED.

**II.  Motion for Clarification**

Defendant moves for clarification of the Court's analysis of California law in its order on the motions for summary judgment.  Plaintiff argues this motion is an untimely motion for reconsideration as it merely rehashes the arguments briefed and ruled upon in the order on the motions for summary judgment.

A review of the motion for clarification clearly demonstrates Defendant is seeking reconsideration of the Court's order on the motions for summary judgment.  Defendant provides argument suggesting the Court's ruling on the negligence and nuisance claims should be limited to land outside the right-of-way lands based upon its ruling the government owns the land in fee simple and addresses its duty and the availability of a private right of action under state law.  Rule 60(b) of the Federal Rules of Civil Procedures permits the Court to relieve a party from an order based upon specific grounds.  However, "no motion or application for reconsideration shall be filed more than 28 days after the entry of the ruling, order or judgment sought to be reconsidered."  CivLR 7.1.i.2.  Defendant's filed its motion on November 20, 2009, just under two years after the Court issued its ruling.[2]  As such, the motion is DENIED as untimely.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is **DENIED**;

2. Defendant's motion for clarification, construed as a motion for reconsideration

---

[1] Plaintiff is required to prove the actions within the right-of-way lands injured its property to prevail on its claims.  However, at this stage, Plaintiff need only allege property damage to survive the motion to dismiss.

[2] Defendant's motion also exceeds the one year deadline for reconsideration based upon mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud. See FED.R.CIV.P. 60(c)(1).

1 is **DENIED**.

2 DATED: September 28, 2010

3

4 JOHN A. HOUSTON
United States District Judge